TROUTMAN PEPPER HAMILTON SANDERS LLP
Jessica Lohr (SBN 302348)
jessica.lohr@troutman.com
11682 El Camino Real, Suite 400
San Diego, CA 92130
Telephone:  858.509.6000
Facsimile:   858.509.6040

Attorneys for Defendant
Truist Bank

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| 129 NCB, LLC, A CALIFORNIA LIMITED LIABILITY COMPANY AND ISLANDER PROPERTIES, LLC, A CALIFORNIA LIMITED LIABILITY COMPANY,<br><br>Plaintiff,<br><br>vs.<br><br>TRUIST BANK, A CORPORATION, AND DOES 1 TO 50, INCLUSIVE,<br><br>Defendant. | Case No. '23CV0440 W   MSB<br><br>**NOTICE OF REMOVAL OF CIVIL ACTION PURSUANT TO 28 U.S.C. §§ 1332, 1441, AND 1446** |

**TO THE CLERK OF THE ABOVE-CAPTIONED COURT:**

Please take notice that Defendant Truist Bank ("Defendant") hereby removes this action from the Superior Court of the State of California for the County of San Diego, to the United States District Court for the Southern District of California, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. Removal is proper because this Court has subject matter jurisdiction over this action under diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1).

## I.  BACKGROUND

1. On February 2, 2023, Plaintiffs 129 NCB, LLC and Islander Properties, LLC (collectively, "Plaintiffs") filed a Complaint against Defendant in the Superior Court for the State of California, County of San Diego, Case No. 37-2023-00004904-CL-CO-CTL (the "State Court Action").

2. On February 8, 2023, Defendant was served with the Summons and Complaint in the State Court Action.

3. The Complaint alleges two unspecified common law claims against Defendant regarding certain sums Plaintiffs claim were mistakenly or fraudulently wired to Defendant and, thus, Defendant is required to return. Plaintiffs seek return of the transferred sums and interest.

## II.  DIVERSITY JURISDICTION EXISTS UNDER 28 U.S.C. § 1332

4. Diversity jurisdiction exists in this matter pursuant to 28 U.S.C. § 1332(a)(1), which provides that the district court has original jurisdiction of "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." As demonstrated in more detail below: (1) Plaintiffs' citizenship is diverse from that of Defendant; and (2) the matter in controversy exceeds $75,000.00, exclusive of interest and costs.

5. In the State Court Action, Plaintiffs allege Islander Properties, LLC is a limited liability company organized and existing under the laws of California and doing business in the County of San Diego, California. (Compl. ¶ 2)

6. Upon information and belief, Plaintiff Islander Properties, LLC's sole member is a citizen of California, domiciled at 3 Loch Ness Lake Ct., Rancho Mirage, CA 92270. *See Carolina Cas. Ins. Co. v. Team Equip., Inc.*, 741 F.3d 1082, 1087–88 (9th Cir. 2014) (holding the citizenship of a limited liability corporation for diversity purposes is that of its members).

7. In its February 28, 2022 Statement of Information filed with the Secretary of State of the State of California, Islander Properties, LLC, identified Andrew R. Chance as its only member or manager, with an address of 3 Loch Ness Lake Ct., Rancho Mirage, CA 92270. *See* **Exhibit A**.

8. Upon information and belief, 3 Loch Ness Lake Ct., Rancho Mirage, CA 92270 is a residential address at which Andrew R. Chance is domiciled. *See* https://www.redfin.com/CA/Rancho-Mirage/3-Loch-Ness-Lake-Ct-92270/home/6564582 (last visited Mar. 8, 2023).

9. In the State Court Action, Plaintiffs allege 129 NCB, LLC is a limited liability company organized and existing under the laws of California and doing business in the County of San Diego, California. (Compl. ¶ 1)

10. Upon information and belief, Plaintiff 129 NCB, LLC's three members are all citizens of California, domiciled in California.

11. In its June 1, 2022 Statement of Information filed with the Secretary of State of the State of California, 129 NCB, LLC, identified the following members and managers: Colin Lowry, Stefan J. Dubiel, and Andrew Ryan Chance. *See* **Exhibit B**.

12. Colin Lowry states his manager or member address is at 4766 32nd Street, San Diego, CA 91950. *See* Exhibit B.

1    13.    Upon information and belief, 4766 32nd Street, San Diego, CA 91950 is a residential address at which Colin Lowry is domiciled.  *See* https://www.zillow.com/homedetails/4766-32nd-St-San-Diego-CA-92116/2113781340_zpid/ (last visited Mar. 8, 2023).

14.    Stefan J. Dubiel states his manager or member address is at 1139 E. 26th Street, National City, CA 91950.  *See* Exhibit B.

15.    Upon information and belief, 1139 E. 26th Street, National City, CA 91950 is a residential address at which Stefan J. Dubiel is domiciled.  *See* https://www.zillow.com/homedetails/1139-E-26th-St-National-City-CA-91950/17100193_zpid/ (last visited Mar. 8, 2023).

16.    Andrew R. Chance states his manager or member address is at commercial property at 1303 Ynez Place, Coronado, CA 92118.  *See* **Exhibit B**.

17.    Upon information and belief, Andrew R. Chance's domicile is at the residential property 3 Loch Ness Lake Ct., Rancho Mirage, CA 92270.  *See* **Exhibit A**.

18.    At all relevant times, Defendant Truist Bank was, and still is, a North Carolina corporation with its principal place of business in Charlotte, North Carolina.  *See* North Carolina Secretary of State, Business Search – Entity Detail for Truist Bank, available at https://www.sosnc.gov/online_services/search/by_title/_Business_Registration (last visited Mar. 8, 2023); *see also* California Secretary of State, Business Search – Entity Detail for Truist Bank, available at https://businesssearch.sos.ca.gov/ (last visited Mar. 8, 2023).

19.    For diversity purposes, a corporation is deemed a citizen of its state of incorporation and the state where it has its principal place of business.  28 U.S.C. § 1332(c)(1).  A corporation's principal place of business is its "nerve center."  *See Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010) (the principal place of business is "where a corporation's officers direct, control, and coordinate the corporation's

1  activities"). Except in unusual circumstances, a corporation's headquarters is its
2  nerve center. *Id.* Accordingly, Defendant is a citizen of North Carolina.

3      20.    Based on the citizenship of the parties, complete diversity of citizenship
4  exists in this case.

5      21.    Further, pursuant to 28 U.S.C. § 1446(c)(2)(B), removal of the State
6  Court Action is proper because the amount in controversy exceeds $75,000. *Gibson*
7  *v. Chrysler Corp.*, 261 F.3d 927, 933 (9th Cir. 2001) ("A defendant attempting to
8  remove a diversity case must show by a preponderance of the evidence that the
9  amount-in-controversy requirement is satisfied").

10     22.    Although Defendant denies liability as to Plaintiffs' claims, based on
11 the face of the Complaint and the requested damages, the case satisfies the amount
12 in controversy requirement for removal. Specifically, Plaintiffs seek return of
13 $93,275 in alleged mistaken or fraudulent transfers, plus interest. (Compl. ¶¶ 8-9,
14 13-14, 16-17). Thus, Plaintiffs' claims clearly exceed the threshold amount of
15 $75,000.

16 **III.    COMPLIANCE WITH STATUTORY REQUIREMENTS**

17     23.    In accordance with 28 U.S.C. § 1446(a), a true and correct copy of all
18 process, pleadings, and orders from the State Court Action are attached hereto as
19 **Exhibit C**. Upon information and belief, no other process, pleadings, or orders have
20 been served on Defendants.

21     24.    Because Defendants were served with the Complaint on February 8,
22 2023, this removal is timely because it is within thirty (30) days of service of the
23 Complaint, as is required by 28 U.S.C. § 1446(b)(1). No other defendants are
24 named in the Complaint.

25     25.    Removal to the present venue is proper under 28 U.S.C. § 1441(a)
26 because this Court is the United States District Court for the district corresponding
27 to the place where the State Court Action is pending. Specifically, Plaintiff filed this
28 action in the Superior Court for the State of California, County of San Diego, (*see*

**Exhibit C**), which is embraced within the Southern District of California. Therefore, this action may be removed to this Court.

26. In accordance with 28 U.S.C. § 1446(d), a copy of Defendant's Notice of Filing of Notice of Removal is being filed contemporaneously with the Clerk of the Superior Court for the State of California, County of San Diego.

27. In accordance with 28 U.S.C. § 1446(d), Defendant is also contemporaneously serving this Notice of Removal on all adverse parties.

## IV. RESERVATION OF RIGHTS

28. Defendant denies the allegations of liability in Plaintiffs' Complaint and files this Notice of Removal without waiving any defenses, objections, exceptions, or obligations that may exist in its favor in either state or federal court.

29. Defendant also reserves the right to amend or supplement this Notice of Removal. And, in this regard, if any questions arise as to the propriety of the removal of the State Court Action, Defendant expressly requests the opportunity to present a brief, oral argument, and any further evidence necessary in support of its position that this action is removable.

WHEREFORE, in accordance with the authorities set forth above, Defendant hereby removes this action from the Superior Court of the State of California for the County of San Diego to the United States District Court for the Southern District of California and requests such other and further relief as the Court deems appropriate and just.

Dated: March 9, 2023

TROUTMAN PEPPER HAMILTON SANDERS LLP

By: */s/ Jessica Lohr*
Jessica Lohr
Attorneys for Defendant
Truist Bank

- 5 -

**CERTIFICATE OF SERVICE**

I, Rika J. Ellis, declare:

I am a citizen of the United States and employed in San Diego County, CA. I am over the age of 18 and not a party to the within action; my business address is 11682 El Camino Real, Suite 400, San Diego, CA 92130.

On March 9, 2023, I served the following document(s) described as:

**NOTICE OF REMOVAL OF CIVIL ACTION PURSUANT TO 28 U.S.C. §§ 1332, 1441, AND 1446**

☒ **BY MAIL**: As follows: I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at San Diego, CA, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postage cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on March 9, 2023, at San Diego, CA.

_____
Rika J. Ellis